UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 11 2015 ★

LONG ISLAND OFFICE

_____X

Andrea Russell

**Plaintiff**     Docket No.

-against-

Midland Credit Management, Inc.

**CV-15 0685**

**Defendant**

_____X

WEXLER, J

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendant respectfully allege and show to the Court as follows:

TOMLINSON, M

## I. INTRODUCTION

1. The Plaintiff is suing the Defendant debt collector because Defendant harassed and deceived the Plaintiff in an attempt to collect an alleged debt. Among other illegal actions, the Defendant harassed the Plaintiff with telephone calls regarding a paid debt despite Plaintiff informing the Defendant that the alleged debt had already been paid.

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3.     According to 15 U.S.C. 1692:

(a)     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy.** (emphasis added)

(b)     Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)     Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d)     Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)     It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

5. Plaintiff, is a natural person residing in Suffolk County, New York. Plaintiff is a consumer as defined by the FDCPA.

6. Defendant Midland Credit Management, Inc. (hereinafter MCM, or Defendant) is a corporation engaged in the business of collecting debts in this state. The principal purpose of defendant is the collection of debts using the mails and telephone, and defendant regularly attempts to collect debts alleged to be due another. At some point unknown to Plaintiff, Defendants allege to have acquired the legal right to collect the alleged debt. Plaintiff has had no business relationship with Defendant and is not aware of any documents establishing Defendant's alleged right to attempt to collect the alleged debt.

On information and belief the Defendant, or one of Defendant's affiliated companies,

purchased a large portfolios of allegedly defaulted debt and sought to collect it for a profit.

On information and belief, the alleged debt of Plaintiff's was included in that portfolio.

7. Defendants are all "debt collectors" as defined by the FDCPA, 15 U.S.C. Section

1692a(6).

## IV.  FACTUAL ALLEGATIONS

8. Plaintiff repeat paragraphs "1" through "7" as if fully restated herein.

9. The Defendants allege that the Plaintiff owes a consumer debt to a company

called "Fingerhut" ("the debt" or "the alleged debt") The alleged debt of Plaintiff is a

"debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal,

family, or household services. The alleged debt for approximately $500.00 was alleged to

be incurred in connection with the purchase personal and household products and services.

No part of the alleged debt was incurred for business purposes.

10. On or about April 23, 2014 the Plaintiff paid Fingerhut to resolve the

outstanding debt.

11. Despite having paid the alleged debt Fingerhut sent the debt to collections.

12. On or about May 12, 2014, Plaintiff called Fingerhut and spoke to

approximately five different people to attempt stop the collection on the account.

13. On or about May 12, 2014, Plaintiff also spoke with Jefferson Capital Systems

and informed them that the debt had been paid.  Following Plaintiff's call with Jefferson

Capital on May 12, 2014, the Defendant Midland called the Plaintiff attempting to collect

the debt.  The Plaintiff again stated that the debt had been paid and as such the collections

should stop. In seeking to collect a debt that was already paid, the Defendant violated

numerous provisions of the Fair Debt Collection Practices Act, including but not limited

to: 15 USC 1692e; 15 USC 1692e(2); 15 USC 1692e(5); 15 USC 1692e(10); 15 USC

1692e(11); 15 USC 1692d; 15 USC 1692f; and 15 USC 1692f(1).

15. Despite their knowledge that the Plaintiff had paid the alleged debt, the

Defendant continued to try to collect additional money from Plaintiff.

16. Despite the Plaintiff's protestations, on or about May 16, 2014, the Defendant

Midland called again in an attempt to collect the alleged debt violating 15 USC 1692e; 15

USC 1692e(2); 15 USC 1692e(5); 15 USC 1692e(10); 15 USC 1692e(11); 15 USC 1692d;

15 USC 1692f; and 15 USC 1692f(1).

17. The Plaintiff did not receive from Defendant any of the notices required by 15

USC 1692g.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION

## PRACTICES ACT

18. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing

paragraphs.

19. Defendant's actions as described herein violated the following provisions of

the FDCPA:

a. 15 U.S.C Section 1692e

b. 15 U.S.C Section 1692e(2)

c. 15 U.S.C Section 1692e(5)

d. 15 U.S.C Section 1692e(10)

e. 15 U.S.C Section 1692e(11);

f. 15 U.S.C Section 1692d;

g. 15 U.S.C Section 1692f;

h. 15 U.S.C Section 1692f(1); and

i. 15 U.S.C. Section 1692g.


**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against

Defendants, for the following:

A. Actual damages;

B. Statutory damages;

C. Costs and reasonable attorney's fees;

D. For such other and further relief as the Court may deem just and proper.


Respectfully submitted,

Joseph Mauro (JM: 8295)
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795


**DEMAND FOR JURY TRIAL**


Please take notice that Plaintiff demands trial by jury in this action.

/s/ JOSEPH MAURO
Joseph Mauro